UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CASE. NO. 4:23-CR-00105-2 |
| | § | |
| ALEXANDRA ELIZABETH NICKS, | § | |
| | § | |
| Defendant. | § | |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION FOR A BILL OF PARTICULARS**

The United States of America, by and through its United States Attorney, Alamdar S. Hamdani, and the undersigned Assistant United States Attorney and Department of Justice Trial Attorney, files its response to the Defendant's Motion for a Bill of Particulars [DE 162]. The United States submits the Defendant's motion should be denied because the indictment in this case: a) sufficiently informs the Defendant of the charges pending against her; b) furnishes the Defendant sufficient information so as to avoid unfair surprise at trial; and c) is sufficiently precise so as to enable the Defendant to defend against another prosecution for the same offense. In support of its motion, the Government would show the court as follows:

**FACTUAL BASIS**

The Defendant requests that the Government provide in the form of a Bill of Particulars the act or acts the Government intends to prove constituted racketeering activity. Specifically, Defendant argues that although the indictment alleges that the 103-gang engaged in racketeering activity, including multiple offenses involving drug trafficking, counsel is unable to investigate and prepare a defense. While the Defendant does agree that the discovery provided in this case has been voluminous, the Defendant requests that the Government be ordered to provide

1

reasonable notice of drug trafficking including dates, locations, and identities of those involved.

The Government has fully laid out the charges against the Defendant in the Indictment [DE 12]. The nine (9) page speaking Indictment charges the Defendant with one count of Using a Firearm in Furtherance of a Crime of Violence Resulting in Death in violation of Title 18, United States Code, Section 924(j)(1). In addition to detailing the organization and structure of the 103-gang, the Indictment also specifically outlines the racketeering enterprise of the 103-gang.

The Government has provided robust discovery that exceeds compliance with Rule 16 and will continue to do so in accordance with the statutory requirements, applicable case law, and this Court's orders. Specifically, the Government has provided counsel with discovery productions containing items such as social media postings of many of the codefendants, at least seven (7) different witness statements, videos, recorded interviews, jail calls, forensic reports, phone extractions, and Houston Police Department reports. The Government has also provided the Defendant with the trial transcripts from codefendant Deandre Watson's prior state trial, which is essentially a roadmap of the Government's evidence and witnesses in the instant case. Additionally, the Government provided a detailed PowerPoint presentation to the Defendant of her own social media postings wherein she exhibits 103-gang emblazed on her clothing, photos with other known 103-gang members, expressing respect and homage to deceased and incarcerated members, and evidence of drug trafficking. Specifically, the Government provided a screenshot of the Defendant's social media account depicting a photo of herself with a large quantity of narcotics and stated, "we was REALLY extorting niggas you can't hustle in my hood I need a portion nigga." The Government also provided at least two different 2018 Houston Police Department Reports evidencing drug trafficking. This discovery material goes far beyond what is required by Rule 16.

A protective order for the discovery had to be sought from the Court given the voluminous amount of discovery [DE 76].

## LEGAL STANDARD

"The purpose of a bill of particulars are to obviate surprise at trial, enable the defendant to prepare his defense with full knowledge of the charges against him, and to enable double jeopardy to be pled in case of a subsequent prosecution" *United States v. Djuga*, Crim. A. No. 14-140, 2015 WL 1412100, at *2 (E.D. La. Mar. 25, 2015) (quoting *United States v. Mackey*, 551 F.2d 967, 970 (5th Cir. 1977)). The purpose is not to provide, nor should the defendant use it to obtain, a detailed disclosure before trial of the government's evidence. *See United States v. Sherriff*, 546 F.2d 604, 606 (5th Cir. 1977) (holding that denial of defendant's motion for a bill of particulars requesting exact location information of the illegal act in an multi-count, interstate auto-theft case, was neither prejudicial nor an abuse of the district court's discretion); *see also Djuga*, 2015 WL 1412100, at *2 (citing *United States v. Kilrain*, 566 F.2d 979, 985 (5th Cir. 1978)); *United States v. Burgin*, 621 F.2d 1352, 1359 (5th Cir. 1980) (holding that a bill of particulars "is not designed to compel the government to detailed exposition of its evidence or to explain the legal theories upon which it intends to rely at trial"); *United States v. Davis*, 582 F.2d 947, 951 (5th Cir. 1978). As such, defendants are not entitled to discover all the overt acts that might be proved at trial through a bill of particulars. *See Kilrain*, 566 F.2d at 985.

## ARGUMENT

In this case, the precise information sought by Defendant, "crosses the line and it seeks a detailed account of government evidence which need not be provided in response to a motion for a bill of particulars." *Djuga*, 2015 WL 1412100, at *3 (citing *Kilrain*, 566 F.2d at 985); *see also*

*United States v. Crinel*, Crim. A. No. 15-61, 2016 WL 1059003, at *5 (E.D. La. Mar. 16, 2016). The Government has provided dates, factual allegations, and extensive discovery to afford the Defendant sufficient notice of the particulars of the offense charged as well as enable her to prepare a defense.

The Government's Indictment is specific as to what the 103-gang is, how its members are identified, who their rivals are, what their territory is and how the gang makes money. The Indictment also details the racketeering enterprise of the 103-gang. To the extent that the Defendant has a legal right to discovery of evidence, it is provided for in Rule 16, Federal Rules of Criminal Procedure. As explained above, the Government has provided robust discovery that exceeds compliance with this rule.

In addition to the voluminous discovery items already provided, the Government avers that it will also elicit additional evidence at trial by presenting testimony of cooperating witness(es) who will address a variety of topics including drug trafficking, The Government will provide such statements in a timely fashion in accordance with the *Jencks Act*, 18 U.S.C § 3500, which requires prosecutors to produce to the Defendant any statement made by a Government witness. "The purpose of the Jencks Act and Rule 26.2 [of the Federal Rules of Criminal Procedure] is to provide appropriate material to help assess a witness's credibility and to enable the opposing party to cross-examine thoroughly while giving protection from unwarranted disclosure." James Cissell, Federal Criminal Trials, 2021 Edition, § 8-1 (Matthew Bender). The Government, however, need not produce these materials until after the witness has testified on direct examination. *Id.* § 3500(b); *see also*, *United States v. Campagnuolo*, 592 F.2d 852, 858 (5th Cir. 1979). Nonetheless, appreciating the complexity of this case, the Government agrees to

disclose *Jencks* materials prior to trial. As such, the Defendant's request for a bill of particulars is unwarranted and should be denied.

Because of the detailed and specific nature of the charges contained in the Indictment, coupled with the extensive discovery already provided to the Defendant, the Government submits that a Bill of Particulars is not warranted in this case. Based on the foregoing, the Government requests Defendant's Motion be denied based on the reasoning set forth above.

Respectfully submitted,

ALAMDAR S. HAMDANI

United States Attorney

By: /S/*Jodi L. Anton*
Jodi L. Anton, Trial Attorney on Detail
Department of Justice
Violent Crime and Racketeering Section (VCRS)
1301 New York Ave, NW
Washington, DC 20005
Florida Bar: 184098 (AUSA / SDFL)
(954) 660-5692


By:/S/ *Kelly Zenón-Matos*
Kelly Zenón-Matos
Assistant United States Attorney
United States Attorney's Office
Southern District of Texas
1000 Louisiana Street, Suite 2300
Houston, TX 77002
Main: (713) 567-9000
Direct: (713) 567-9362
Email: kelly.zenon@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on September 6, 2024, I electronically filed the foregoing *Response to Defendant's Motion for Bill of Particulars* with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all parties registered for CM/ECF and via email to JudithShieldsAttorney@gmail.com.

                                            /s/ *Jodi Anton*
                                            Trial Attorney on Detail to VCRS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

**UNITED STATES OF AMERICA**

v.                                            CASE. NO. 4:23-CR-00105-2

**ALEXANDRA ELIZABETH NICKS,**

  **Defendant.**

### ORDER

HAVING CONSIDERED the *Defendant's Motion for Bill of Particulars* and the *Government's Response*, it is hereby

ORDERED that the Defendant's Motion is:

_____  GRANTED

_____ DENIED

Signed at Houston, Texas this the \_\_\_\_\_ day of _____, 2024

_____
HONORABLE GEORGE C. HANKS JR.
UNITED STATES DISTRICT JUDGE